■ 106 HUDSON STREET Co., Appellant, v FIRST NATIONAL CITY BANK OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered December 8, 1976, denying application by petitioner-appellant judgment creditor for turnover of property in possession of respondent-respondent First National City Bank of New York, and dismissing the petition, unanimously reversed, on the law, and the petition granted, with $40 costs and disbursements to petitioner-appellant (one bill) against respondents-respondents. This is a turnover proceeding by a judgment creditor against respondent bank, an escrowee claimed to have improperly disbursed money held under an escrow agreement, in which money petitioner's judgment debtor has an interest, all to the detriment of the judgment creditor. The statute applicable to the facts here established is CPLR 5225 which reads, in pertinent part as to property not in a judgment debtor's possession: "(b) * * * Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money * * * in which the judgment debtor has an interest, * * * where it is shown that the

judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money * * * to the judgment creditor". The subject money, $15,000, came into the custody of respondent bank in the circumstances which follow. Respondent Wilpon bought a building from the brothers Low for $100 above the mortgage held on the premises by respondent bank. At closing, a mechanic's lien for almost $20,000 was found extant against the property. The closing was completed after the Lows placed $15,000 in escrow with Wilpon, the purchaser, to be used for discharge of the lien. The source of the escrow money was a corporation controlled by the father of the brothers. On resale of the property by escrowee Wilpon, the mortgagee (respondent bank) requested him to deposit the fund with it to secure discharge of the lien. The covering agreement for the deposit, reduced to writing, between Wilpon, the bank, and the new purchaser, provided that the fund was held for the benefit of Wilpon and/or the Lows "as interests may appear" should it not be needed to satisfy the lien. Prior to the resale of the building, petitioner had entered the picture by securing a judgment, well in excess of the escrow money, against the Lows, and restraining notices against disbursement of the fund were served on respondents bank and Wilpon (CPLR 5222). (Though proof of the service of the notices is not found in the record before us it appears that this fact was not questioned at Special Term by either respondent.) The lien lapsed because no notice of pendency had been filed. This lapsation was found as a fact by Special Term, and cannot be questioned before us because it is not the subject of any cross appeal. The escrow fund was therefore never required for the purpose of satisfying the lien and its disbursal by respondent bank to respondent Wilpon for that purpose was not proper and in violation of the restraining notice. Special Term found that the source of the fund was not the judgment debtors, the brothers Low, but their father, and that therefore they were not entitled to the money, nor was petitioner, their creditor, standing in their shoes. Not so. The purpose of the escrow, by the terms of the written agreement, was either to remove the cloud on title by satisfaction of the lien, or, if not required for the purpose, to go to the Lows or Wilpon as interest should appear. The dominant, indeed only interest was that of the Lows; they had in effect deposited the money to remove the cloud on title as though it had been deducted from the price of the building they had sold. The source of the escrow money mattered not in the slightest degree, any more than if the Lows had found it, had borrowed it, or had won it in a lottery. Theirs was the "interest" defined by the statute, and therefore their "judgment creditor's rights to the property are superior to those of the transferee." Wilpon had no interest that was definable. The money was not from his pocket and the escrow deposit was designed only to protect him against the lien if that was not otherwise satisfied. It was otherwise satisfied, as has been said. Therefore, under the escrow agreement, the only interest lay in the Lows, and consequently in their judgment creditor. Settle order on notice. Concur—Birns, J. P., Evans, Lane and Markewich, JJ.